**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| UNITED STATES OF AMERICA,<br><br> v.<br><br><br> JOE SCOTT, JR.,<br><br>    Defendant. |

Crim. No.: 4:24-cr-40019-MRG

**ORDER ON THE GOVERNMENT'S MOTION TO CORRECT JUDGMENT
PURSUANT TO RULE 35(a) AND/OR FOR RECONSIDERATION OF DENIAL OF
ORDER OF FORFEITURE [ECF No. 57]**

**GUZMAN, J.**

Before the Court is the Government's Motion to Correct Judgment Pursuant to Rule 35(a) and/or for Reconsideration of Denial of Order of Forfeiture (Money Judgment), [ECF No. 57]. The Government requests that the Court reverse its previous denial of its motion for forfeiture in the sentencing of defendant, Joe Scott, Jr.

For the reasons stated below, the motion is **GRANTED**, and the Court hereby **vacates** its prior oral ruling denying the motion for forfeiture, [ECF No. 52].

I.     **BACKGROUND**

A.   Relevant Facts

Defendant was the former Treasurer of a Gardner-based chapter of the labor union Communications Workers of America, Local 81154 (the "Union"). The Union represents approximately 187 members employed by various businesses in Massachusetts, including

1

Business 1, a food packaging company in Ayer.  Scott worked for Business 1 and served as the Union's treasurer from 2014 through March 2023. The Union had a policy that the Union President or Vice President had to co-sign checks that the Union Treasurer - here Scott - signed.  That policy was communicated to Scott over the years, including through training.  The Union also had a policy that the Treasurer should back up Union expenditures with invoices.  A review of records and bank statements showed that Scott did not consistently follow these procedures, as well as that Scott had been withdrawing cash and making debit card charges for personal expenses.  The indictment alleges that from in or about September 2019 through in or about February 2023 Scott unlawfully embezzled Union funds for personal use. [ECF No. 4 at 3]. The indictment also included a forfeiture allegation, seeking the amount of $49,500 to be entered as a forfeiture money judgment. [Id. at 4]. This amount corresponds to the loss of funds sustained by the Union, i.e. the amount that Scott embezzled. [See Mot. for Order of Forfeiture ¶ 5, ECF No. 48; Presentence Investigation Report ("PSR") ¶ 34]. While the Government is seeking $49,500, the PSR documented an approximate total loss of $49,559.63. [PSR ¶ 34].

Scott pled guilty to these facts at a Rule 11 hearing and was sentenced on a single count of Embezzlement from a Labor Union, which a federal crime under 29 U.S.C. § 501(c).

B.  Procedural History

Scott was indicted on one count of Embezzlement from a Labor Union on September 25, 2024. [ECF No. 4]. This indictment included a notice of forfeiture for a money judgment of $49,500. [Id.] After initial discovery, the parties requested a Rule 11 Hearing. [ECF No. 37]. Scott pleaded guilty to Count I on January 22, 2026. [ECF No. 46]. The government subsequently filed its motion for an order of forfeiture for a money judgment of $49,500.  [ECF No. 48]. Scott did not oppose the motion. Scott was sentenced on May 1, 2026. [ECF No. 52]. At the time of

sentencing, the Court ordered restitution in the amount of $49,559.63 but denied the Government's motion for forfeiture, stating that forfeiture was not mandatory by statute and indicating the Court's preference to prioritize making the victim whole through restitution. [Id.] Scott was sentenced to forty-two (42) months of probation with the first six (6) months to be served on home detention. [Id.] Scott was also ordered to pay a special assessment of $100. [Id.]

Six days after sentencing, the Government filed the present motion to correct judgment pursuant to Fed. R. Crim. P. 35(a) and/or for reconsideration of the denial of order of forfeiture. [ECF No. 57]. The Government asserts the Court erred because forfeiture is mandatory in this case, the Defendant's present financial ability to pay is not relevant to whether forfeiture should be ordered, and that Defendant was properly on notice of forfeiture through the forfeiture allegation in the indictment and through the filing of the motion for forfeiture. [ECF No. 57 at 1–3]. The Court provided the Defendant with an opportunity to respond to the Government's motion before ruling on it. Scott filed his opposition on May 20, 2026. [ECF No. 58].

## II.     LEGAL STANDARDS

The Government asks the Court to correct the judgment under the Fed. R. Crim. P. 35(a); however Rule 35(a) only empowers district judges to correct a sentence resulting from an arithmetical, technical, or other clear error within fourteen days after oral pronouncement of sentencing. Fed. R. Crim. P 35(a) & (c) ("As used in this rule, 'sentencing' means the oral announcement of the sentence"). The initial Motion for Order of Restitution and Money Judgment was filed on April 15, 2026, [ECF No. 48], Scott was sentenced on May 1, 2026. The current motion at issue was filed on May 7, 2026. [ECF No. 57]. More than fourteen days have elapsed since Scott's sentencing, accordingly, Rule 35(a) is not applicable here.

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule."). However, the First Circuit will apply Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to motions for reconsideration arising in the criminal context. See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying Rule 59(e) to a motion for reconsideration in a criminal case). In the First Circuit, there is not a specific timeframe in which the motion for reconsideration must be brought in a criminal action.[1]

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted). A Rule 59(e) motion is "not a vehicle for resuscitating a motion with 'additional arguments' that could and should have been raised previously." United States v. Iacaboni, 667 F.Supp.2d 215, 218 (D. Mass. 2009) (quoting Allen, 573 F.3d at 53).

---

[1] See United States v. Rivera-Rodriguez, 75 F.4th 1, 22 n.20 (1st Cir. 2023) ("[T]he Tenth Circuit has observed, '[t]he Federal Rules of Criminal procedure do not authorize motions for reconsideration and accordingly do not specify a time within which they must be brought. . . [however] the Supreme Court has recognized motions for reconsideration in the criminal context since at least 1964[.]'" (quoting first United States v. Heath, 846 Fed. App'x 725, 728 (10th Cir. 2021), then quoting United States v. Healy, 376 U.S. 75, 77–78 (1964)).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005).

## III. DISCUSSION

As discussed below, the Court must grant the Government's motion because the Court's failure to order forfeiture at sentencing was erroneous given that forfeiture for Scott's offense of conviction is statutorily mandatory.

### A. Restitution and Forfeiture are Mandatory for Violations of 29 U.S.C. 501(c) Where an Identifiable Victim is Present

Restitution and forfeiture judgments are two distinct penalties at sentencing. The goal of restitution is to compensate identifiable victims due to the Defendant's conduct and to make them whole. See United States v. Naphaeng, 906 F.3d 173, 179 (1st Cir. 2018). The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, mandates that a Court order restitution when a defendant is convicted of an offense in which an identifiable victim or victims has suffered a pecuniary loss, where the federal crimes are "committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(B); 18 U.S.C. § 3663A(c)(1)(A)(ii). This restitution order is determined by the victim's actual losses and "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664; 18 U.S.C. § 3663A. Restitution is mandatory in this case because an identifiable victim is present (the Union), and the crime at issue, 29 U.S.C. § 501(c), was committed by fraud or deceit. At sentencing, the Court ordered Scott to pay restitution in the amount of $49,559.63. [ECF Nos. 52, 55].

5

Civil and criminal forfeiture statutes "empower the Government to confiscate property derived from or used to facilitate criminal activity . . . [and] serve important governmental interests such as 'separating a criminal from his ill-gotten gains.'" Honeycutt v. U.S., 581 U.S. 443, 447 (2017) (quoting Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 629–30 (1989)). Initially, and at sentencing, the Court believed that forfeiture was not mandatory in this case. However, upon further research, the Court concludes that forfeiture is mandatory for a defendant convicted under 29 U.S.C. § 501(c), the offense to which the Defendant pleaded guilty. See 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) (property subject to forfeiture includes "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title) . . ."). A "specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) as "any act or activity constituting an offense listed in section 1961(1) of this title." Scott pled guilty to a violation of 29 U.S.C. § 501(c) (relating to embezzlement from union funds), which is an indictable offense listed under section 1961(1). 18 U.S.C. § 1961(1).

B.  Correcting the Error

The Defendant's arguments against an order for forfeiture, [see ECF No. 58], focuses on his lack of notice of the Government's intention to seek forfeiture in this case, and the Court's failure to order forfeiture at Scott's sentencing pronouncement.

A defendant is considered to be "on notice" for forfeiture when the indictment includes the required forfeiture notice and the defendant is convicted of an offense giving rise to the forfeiture. 18 U.S.C. § 981 (a)(1)(C); 28 U.S.C. § 2461(c) ("If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to

the Federal Rules of Criminal Procedure."); see Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."). Rule 32.2(b)(2) also requires that the Court must enter a preliminary order of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final." Fed. R. Crim. P 32.2(b)(2).

In this case, the indictment indicated that the Government would seek a monetary judgment for $49,500 in United States currency. [ECF No. 4 at 4]. The Defendant pleaded guilty to the Indictment, which included this forfeiture claim. [Id.; ECF No. 46] About two weeks prior to sentencing, the Government filed its Motion for Order of Forfeiture (Money Judgment). [ECF No. 48]. The motion was not styled as a "preliminary" order of forfeiture, as referred to in Fed. R. Crim. P. 32.2(b)(2). The Defendant did not oppose or object to the motion for order of forfeiture. The Court did not rule on the motion prior to sentencing and, while forfeiture was discussed in the context of denying the Government's motion, the sentence and judgment did not include a forfeiture order.

The Court takes ownership over its erroneous denial of the Motion for Order of Forfeiture, as it believed at the time of sentencing that Scott's offense did not mandate forfeiture. The question is what happens next. On one hand, Fed. R. Crim. P. Rule 32.2(b)(4)(B)'s provision on notice for forfeiture stipulates that the Court must include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Fed. R. Crim. P. 36.[2]

---

[2] "Fed. R. Crim. P. 36 grants the district court express authority at any time to correct clerical mistakes in judgments and orders" . . . however, when (as here) the case involves "something more than clerical errors," it becomes "necessary to look beyond Rule 36." United States v. Carr, 932

On the other hand, the advisory committee's notes on the 2009 amendments to Rule 32.2 stipulate that "[o]nce the sentence has been announced, the rules give the sentencing court only very limited authority to correct errors or omissions in the preliminary forfeiture order." There is also caselaw suggesting that when the procedures mandated by Rule 32.2 are not followed, the Court may not later enter forfeiture after the time window for correcting an error in the sentence has passed. See United States v. Diaz-Rivera, 806 F. Supp. 2d 479, 483 (D.P.R. 2011).

Despite the constraints of the Federal Rules of Criminal Procedure, the Court is mindful of the waste of judicial resources that would be expended if the Court fails to correct this error at this stage and the parties' only recourse is to seek appellate review.

Criminal appeals by the Government under 18 U.S.C. § 3731 must be taken within thirty (30) days after entry of the judgment or order appealed from. See FRAP Rule 4(b). However, instead of an immediate appeal, the government can seek reconsideration of the adverse ruling within the thirty-day period after the entry of the judgment or order, at which point the thirty-day period for filing the notice of appeals runs from the date of the entry of the order reconsideration. See United States v. Dieter, 429 U.S. 6, 9 (1976). In Dieter, the Supreme Court considered a district court's jurisdiction and authority to rehear a previously decided issue, namely, the dismissal of a criminal case. Id. at 7. The district court had denied the Government's motion to set aside the order of dismissal because it believed "it had 'no authority or jurisdiction' to set aside the order." Id.  On  appeal, the Supreme Court noted, "plenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of

---

F.2d 67, 72 n.4 (1st Cir. 1991), holding modified by United States v. Rivera, 994 F.2d 942 (1st Cir. 1993).

a petition for rehearing," and hailed the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors" to avoid "imposing added and unnecessary burdens on the courts of appeals." Id. at 8. As a result, the Court authorized the district court to reconsider the original judgment and reasoned, "to have held otherwise might have prolonged litigation and unnecessarily burdened this Court." Id.[3]

Where, as here, the district court's error is clear, judicial efficiency and adherence to correctly applying the rule of law compels this Court to grant reconsideration of the denial of the Government's motion for order of forfeiture.

C.   Upon Reconsideration, the Court GRANTS the Motion for Order of Forfeiture

The Court finds that the United States has established the requisite nexus between this property and the offense of which the Defendant has been convicted.

WHEREAS, on July 25, 2024, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Joe Scott, Jr., (the "Defendant") with Embezzlement from a Labor Union, in violation of 29 U.S.C. § 501(c) (Count One);

WHEREAS, Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense.

---

[3] The First Circuit cited Dieter approvingly in United States v. Carr, where it held that district courts have "inherent power" to modify a sentence on reconsideration, and "to correct an acknowledged and obvious mistake" during the thirty-day period in which a government appeal of a sentence or judgment can be filed. 932 F.2d at 70; United States v. Cook 690 F.2d 672, 675 (4th Cir.1989).

WHEREAS, such property specifically included, without limitation: (a) $49,500 to be entered in the form of a forfeiture money judgment;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p);

WHEREAS, on January 22, 2026, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment; WHEREAS, during the hearing, the United States gave a recitation of the facts, as well as potential penalties, which in this case include forfeiture as outlined in the Indictment;

WHEREAS, based on the Defendant's admissions in the written plea agreement, his guilty plea on January 21, 2026, and the total loss as established by the United States, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $49,500 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $49,500 constitutes proceeds that the Defendant obtained as a result of violations of 29 U.S.C. § 501(c); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $49,500, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. This Order shall be included in the amended criminal judgment entered by this Court against the Defendant.

### D. The Forfeiture Value May Not Be Offset by the Restitution Value

Although the First Circuit has limited precedent discussing the issue of off-setting a forfeiture order for restitution, Sister Circuits have consistently determined that the district court is without this discretion when it comes to mandatory forfeiture orders.[4] See United States v. Mhana, No. 24-4488, 2026 WL 1291534, at *10 (4th Cir. May 12, 2026) (rejecting a district court's reasoning for denying forfeiture due to concerns of a "double payment" of restitution and

---

[4] Unless the forfeiture order is considered "grossly disproportional" to the gravity of the offense which may be considered an excessive fine under the Eight Amendment, which is not present in this case. See e.g., U.S. Bajakajian, 524 U.S. 321 (1998); United States v. Ponzo, 171 F.4th 507, 521–22 (1st Cir. 2026).

forfeiture); U.S. v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) ("Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."); see also U.S. v. Torres, 703 F.3d 194, 204 (2nd Cir. 2012) (citing cases from eight Circuits considering "orders of forfeiture and restitution in the face of 'double recovery.'"); see also U.S. v. Leon-Delfis, 2023 F.3d 103, 115 (1st Cir. 2000) (An order of civil forfeiture and criminal restitution does not raise issues of double jeopardy because "the Double Jeopardy Clause 'does not apply to [civil forfeitures] because they do not impose punishment.'" (quoting United States v. Ursery, 518 U.S. 267, 274 (1996)); see also United States v. Levesque, 546 F.3d 78, 85 (1st Cir. 2008) (observing "that a defendant's inability to satisfy a forfeiture at the time of conviction, in and of itself, is not at all sufficient to render a forfeiture unconstitutional").

Therefore, this Court will not make any changes to the prior order of restitution in this case. The Defendant is statutorily required to pay both amounts.

## IV.    CONCLUSION

For the reasons stated above, the Government's motion for reconsideration, ECF No. 57, is **GRANTED** and the Court issues the order of forfeiture delineated above. The Court shall amend the judgment to reflect its rulings in this Order.

**SO ORDERED.**

Dated: May 22, 2026

       /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

12